## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF ELEVATOR CONSTRUCTORS UNION LOCAL No. 1 ANNUITY & 401(k) FUND, *et al.*,** | Civ. No. 14-7057 (WJM)(MF) |
| **Plaintiffs,** | **OPINION** |
| **v.** | |
| **METROPOLITAN ENTERPRISES, INC.,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.**

The Plaintiffs filed this unopposed motion for the entry of default judgment against the Defendant.  For the reasons set forth below, the motion is **GRANTED.**

The Plaintiffs are the Trustees of Elevator Constructors Union Local No. 1 Annuity and 401(k) Fund ("Annuity Fund") and of Elevator Constructors Union Local No. 1 Education and Apprentice Training Fund ("Education Fund").  The Annuity Fund and the Education Fund are referred to herein collectively as the "Funds."  The Plaintiffs are fiduciaries of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

The Defendant, Metropolitan Enterprises, Inc. ("Metropolitan") is a party to a collective bargaining agreement ("Agreement") with Elevator Constructors Local No. 1 ("Union") and, as such, is bound by the terms of the Agreement.  Metropolitan's employees who are represented by the Union are participants in and beneficiaries of the Funds.  The Agreement requires Metropolitan to make timely contributions to the Funds for each hour worked by each employee.

This action was commenced on November 11, 2014, to collect unpaid benefit fund contributions owed by Metropolitan to the Funds.  The Complaint includes two counts.  Count One is a breach of contract claim, pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185,

to collect the contributions that the Agreement requires Metropolitan to pay.  Count Two is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and seeks to recover the unpaid contributions as well as other amounts, including interest and attorney's fees, set out in the statute.

Metropolitan was served with the summons and complaint on December 2, 2014, as shown by the return of service that was filed with the Court.  Metropolitan did not respond to the lawsuit and, on January 23, 2015, the Clerk entered Metropolitan's default.

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  *See* Fed. R. Civ. P. 55. The first step is an entry of default, which is a ministerial task performed by the clerk upon request. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  *See* Fed. R. Civ. P. 55(a).

The second step is the entry of a default judgment for damages and costs.  A plaintiff may obtain a judgment by default by either: (1) asking the Clerk to enter judgment if the judgment is for a sum certain, or (2) by applying to the Court.  *See* Fed. R. Civ. P. 55(b).  The court should accept as true the well-pleaded factual allegations of the complaint when considering a motion for a default judgment. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  When considering whether to grant a default judgment under Rule 55(b), courts often look to the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  Where the defendant has not entered an appearance or filed any pleadings or responsive motions, the district court does not have to consider the factors.  *See Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").

Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii)

liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a); (d) reasonable attorney's fees and costs of the action; and (e) such other legal or equitable relief as the court deems appropriate.  The Court of Appeals for the Third Circuit has held that the award of the items set out in § 1132(g)(2) are mandatory when judgment is entered against the defendant.  *United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & McDonnell, Inc.*, 787 F.2d 128, 134 (3d Cir. 1986); *Connors v. Beth Energy Mines, Inc*., 920 F.2d 205, 212 (3d Cir. 1990).

As set forth in the accompanying declaration, the Plaintiffs are entitled to the entry of judgment in the following amount:

$15,714.27  (unpaid contributions to Annuity Fund)
    $212.00  (unpaid contributions to Education Fund)
  $1,725.00  (attorney's fees)
    $519.00  (litigation costs)
$18,170.27

For the reasons set forth above, the Plaintiffs' motion for the entry of default judgment against the Defendant is **GRANTED.**  A final entry of judgment by default follows.

/s/ **William J. Martini**
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 4, 2015**